[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Pearley Parker, commenced this action claiming a dissolution of her marriage, alimony, CT Page 9475 exclusive use of the marital home; and all other relief and law or equity to which the court may find her entitled. The defendant filed a cross complaint asking a dissolution of the marriage, an equitable distribution of the assets of the parties and such other and further; relief as an equity may appertain.
A trial of the matter was held on June 30, 1992, at which both parties were presented and both parties testified and the court finds the following facts as proven:
(1) The plaintiff and the defendant inter-married at Middletown, Connecticut on October 19, 1985.
(2) The plaintiff and defendant had lived together and cohabitated for several years prior to the date of the marriage. The plaintiff and the defendant had both resided continuously in the state of Connecticut for at least twelve months preceding the filing of the plaintiff's complaint and the defendant's cross-complaint.
(3) The marriage between the parties has broken down irretrievably.
(4) There are no minor children issue of this marriage.
(5) The parties have been separated since January of 1991.
(6) The cause of the breakdown of the marriage was the defendant's physical violence toward the plaintiff. The defendant was physically violent and hit or struck the plaintiff on approximately ten occasions and he had given her black eyes on three occasions. In 1990 he was charged with assault in the third degree as a result of physical violence to the plaintiff.
(7) The plaintiff is 46 years old and the defendant is 47 years old.
(8) The plaintiff has been steadily employed for the past twenty-four years at Pratt Whitney Aircraft and has a gross weekly earning of $632.42 and net weekly earnings of $327.52. She presently has a wage execution of CT Page 9476 $111.62 as a result of medical expenses which were incurred by her child and for which she is responsible. The defendant is currently unemployed and works in Cromwell where he receives free room and board and occasional gas money. He cuts the lawn, works around the house and does odds and ends chores in exchange for the free room and board and gas money. In better times, such as 1981 he was earning as much as $800 to $900 a week. He continued to earn substantial sums of money until approximately 1988. When he works he receives $150 a day for his pay as a concrete finisher.
(9) The parties assets consists of the following:
A dwelling house located at 11 Braeburn Lane, Middletown, Connecticut having a fair market value of $80,000, and have encumbrances of approximately $57,000 leaving an equity of approximately $23,000. This house was purchased just prior to the marriage but after the parties had been cohabitation. All of the funds for the deposit and purchase of the house came from the plaintiff. All of the costs and funds for the furnishings of the house in the amount of approximately $5,000 were provided by the defendant. During the course of the marriage the defendant contributed to some degree sums of money which were used for payment of the mortgage on the dwelling house. The parties have no savings accounts, bonds, mutual funds, stocks or 401K plans. The plaintiff does have retirement plan and it is vested but the amount is unknown.
The plaintiff has various debts totaling $7,305, and the defendant has various debts totaling $2,577. Both parties have a joint debt to Outdoor World of $14,000, for the purchase of a time-share in Massachusetts.
After reviewing all of the facts found, the evidence presented and the statutory criteria as set forth in Conn. General Statutes Sec. 46b-81 and 46b-82 the court enters the following orders:
(A) The marriage is dissolved.
(B) The plaintiff shall pay to the defendant as lump sum alimony the sum of $6,000 which sum shall be payable by means of a mortgage note and deed on the property at 11 Breaburn Lane, Middletown, Connecticut. This lump sum CT Page 9477 alimony payment is in exchange for any possible claim the defendant may have against the real estate or the furnishings therein that arose out of this marriage. The mortgage note and deed securing payment of this lump sum alimony shall not bear interest and shall be payable at the rate of $100 per month beginning one year from date.
(C) The time-share debt due Outdoor World in Massachusetts shall remain the joint property of both parties and this court makes no order with regard to payment of same and leaves it to the parties to resolve.
(D) Each party shall be responsible for the remaining debts on their financial affidavits.
(E) The court makes no award regarding the plaintiff's vested pension plan due to the shortness of the marriage and that pension plan shall remain the sole property of the plaintiff.
O'Connell, J.